UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLENA BINROTH,

       Plaintiff,　　　　　　　　　　Case No.

v.

　　　　　　　　　　　　　　　　　Hon.

THE RESOURCE GROUP,

       Defendant.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of this transaction or occurrence alleged in the Complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Marlena Binroth ("Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, states the following for her Complaint and Jury Demand against Defendant The Resource Group ("Defendant"):

## INTRODUCTION

1. Defendant violated the law when it recruited Plaintiff, only to reject Plaintiff's application upon her disclosure that she was not vaccinated and would be

submitting both religious and medical accommodation to be exempt from Defendant's COVID-19 vaccine requirement. Defendant expressly said it would not accept any accommodation requests.

## PARTIES AND JURISDICTION

2. Plaintiff is an individual residing in Oakland Township, Michigan, which is located in Oakland County.

3. The Resource Group is a business management company, which is headquartered in St. Louis, Missouri.

4. Plaintiff's claims arise out of Defendant's violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Michigan Elliott-Larsen Civil Rights Act of 1976, MCL 37.2101, *et seq*.

5. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(e), as it is the district where the Plaintiff resides. 28 U.S.C. § 1391(e).

7. Plaintiff filed charges of religious discrimination with the Equal Employment Opportunity Commission on March 21, 2022 and received a right to sue letter on within the last 90 days.

## FACTUAL ALLEGATIONS

### COVID-19 and Defendant's Vaccine Mandate

8. Defendant is a business management company.

9. Defendant enforces an inflexible vaccine mandate that obligates employees and job-applicants to be vaccinated from COVID-19 regardless of work location, remote status, or responsibilities.

10. Defendant's requirement is absolute; it offers no alternative, such as periodic testing, mask wearing, social distancing, etc., even for employees who have already had COVID-19 and still possess natural immunity from the disease.

**Plaintiff's Employment Application and Religious Accommodation Request**

11. Defendant hired third-party staffing company Intech Summit Group ("Intech") to conduct a search for potential employees to serve its newly established IT Sourcing & Contracting Division.

12. The position Defendant was hiring for was fully remote.

13. On November 1, 2021, the Senior Vice President of Intech, Charlene Hall, initiated a conversation with Plaintiff over LinkedIn.

14. Ms. Hall wrote, "Hello Marlena – I just sent you an InMail re: a job search I am doing for an IT Sourcing / Contracting Agent for the Resource Group/Ascension Health (**remote role**). I look forward to connecting and hearing from you."

15. Attached to Ms. Halls message was a formal introduction and a job description of the IT Agent Sourcing & Contracting position. It provided:

3

> I would like to introduce myself as a retained Healthcare Recruiter working on a project for The Resource Group/Ascension Health. Ascension has created a new division to house their IT Sourcing & Contracting and <u>built a team working remotely</u>…I am not assuming you are looking for a change; most candidates I recruit are not on the market but based on what I can see of your background and what [Defendant] is looking for, there is enough interest on my part to reach out and start a conversation. These individuals would be responsible for having sourcing knowledge and experience, understanding technology trends, facilitating national contracting strategies for IT design. There Agents will facilitate and manage legal review, negotiation and resolution of contracts, negotiating o provide cost effective technology solutions…The job description is attached, and compensation for these positions is around $90-105k+ depending on experience, great healthcare benefits and excellent growth potential.

16. Plaintiff responded that she was interested in the position and submitted her resume.

17. Plaintiff was a highly qualified applicant. Her skills include strategic sourcing, contracting, and supplier management and she has an extensive background in healthcare and technology industries.

18. On November 4, 2021, Plaintiff and Ms. Hall negotiated over the phone, whereupon Plaintiff candidly expressed that the initial $90,000-$105,000 salary offer is less than what she was earning at the time ($131,000 salary with a $30,000 annual bonus.)

19. Ms. Hall then circulate Plaintiff's resume to Director of IT Strategic Sourcing for Defendant, Mayur Shah.

20. Mr. Shah agreed to find Plaintiff a position with a higher salary and asked to interview her five days later on November 9, 2021.

21. Plaintiff advanced to a final interview with the Chief Executive Officer of Intech, Michael Cohen.

22. Despite the fact that the position was remote, the first question Mr. Cohen asked was whether Plaintiff was vaccinated from COVID-19.

23. Plaintiff informed Mr. Cohen that her sincerely held *bona fide* religious beliefs prevent her from taking the COVID-19 vaccine.

24. Mr. Cohen stated he would "follow up on that" and proceeded with the interview.

25. During the interview, Mr. Cohen spoke positively about Plaintiff's potential within the company. He claimed he could convince Defendant to offer a salary above the $160,000 she had been earning.

26. On December 1, 2021, Plaintiff followed up with Mr. Cohen, stating, "I just wanted to say thank you very much for meeting with me and I'm excited about the opportunity."

27. On December 3, 2021, Ms. Hall called Plaintiff.

28. During this call, Ms. Hall claimed Mr. Shah was prepared to extend an offer of employment, but "would not be moving forward" due to Plaintiff's vaccination status.

29. Ms. Hall stated that she "normally prescreens by asking whether the candidate is vaccinated" and "couldn't believe" she forgot to ask.

30. Following the conversation, Plaintiff immediately send Ms. Hall medical and religious accommodation requests, stating, "I'm hoping that we can make this work. Please see attached for both my religious and medical exemption. Please let them know that my Pastor has stated in email that he wouldn't sign for anyone who was seeking for political or social reasons."

31. Plaintiff's religious accommodation request illustrates her sincerely held *bona fide* religious beliefs, stating, in pertinent part:

> I know that from the bible that God created me and knit my body together in my mother's womb. (Psalm 139:13-14) I believe that my life is a gift from God and I am very concerned that with my history of adverse reactions to vaccines and medications, that this vaccine could be harmful to me personally and I personally feel that I cannot receive this vaccine to the glory of God. The Holy Bible New International Version states "So whether you eat or drink or whatever you do, do it all for the glory of God." (1 Corinthians 10:31). Luke 12:6-11 states "Are not five sparrows sold for two pennies? Yet none of them is forgotten by God. Indeed, the very hairs of your head are all numbered. Don't be afraid; you are worth more than many sparrows. I tell you, whoever acknowledges me before men, the Son of Man will also acknowledge him before the angels of God…but anyone who blasphemes

against the Holy Spirit will not be forgiven. When you are brought before…authorities, do not worry about how you will defend or what you will say, for the Holy Spirit will teach you at the time what you should say."

I respect others rights to choose to receive the COVID-19 vaccine and do not purport to tell others whether to receive the vaccine. I believe that this should be their personal decision as this decision should be a personal one for both me and for them. "…everything must not condemn the man who does, for God has accepted him. Who are you to judge someone else's servant? To his own master he stands or falls. And he will stand, for the Lord is able to make him stand." I believe that I am required by my Lord and savior Jesus Christ to seek out God's word and to seek personal guidance from the Holy Spirit as I read God's word. This is my personal path as a called and baptized person of faith.

32.   Pastor Mark Voss of the Divine Grace Lutheran Church supplemented Plaintiff's religious accommodation request by proclaiming, "Marlena Binroth, with her review of the issues, and with much prayer and study of what God tells us in Scripture, has told me that her conscience would be burdened and that she believes that she would be sinning against God (in her case) by getting the COVID-19 vaccine, and I support her in that settled conviction."

33.   Plaintiff included a medical note which was dated December 2, 2021 and signed by Nurse Practitioner Shirlene Morgan.

34.   Dr. Morgan instructed that Plaintiff "had monoclonal antibodies and cannot receive vaccine for 90 days."

35. On December 6, 2021, Ms. Hall informed Plaintiff that Defendant would not consider any religious accommodations or temporary medical exemptions, affirmatively denying her employment.

36. Plaintiff asked to be updated in the future if Defendant changed its mandatory vaccine policy.

37. One month later, on January 4, 2022, Plaintiff messaged Ms. Hall and Mr. Cohen, "Good afternoon, Happy New Year! I was reaching out since I heard that the posture may have changed some regarding vaccinations. I am still very interested!"

38. Mr. Cohen replied, "We have an update call with leadership next week and will find out if their requirements have changed. We will let you know."

39. Neither Intech nor Defendant ever communicated with Plaintiff again.

40. The statutory framework for determining reasonable accommodation requires an interactive process and participation by both the employer and the employee. *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986) (stating that, consistent with the goals expressed in the legislative history of the religious accommodation provision, "courts have noted that bilateral cooperation is appropriate in the search for an acceptable reconciliation of the needs of the employee's religion and the exigencies of the employer's business").

41. Defendant did not request nor suggest that Plaintiff participate in any discussion to determine a fair and legal accommodation.

42. Defendant implements a blanket policy to deny all religious and medical accommodation requests.

43. Defendant never indicated to Plaintiff that accommodating her religious beliefs poses an undue burden.

44. Defendant rejected Plaintiff's employment application without ever engaging in the interactive process.

45. Defendant refused to retain Plaintiff because of her sincerely held religious beliefs.

46. But-for Plaintiff's vaccination status, she would have been employed by Defendant.

47. Employees and job applicants must therefore choose vaccination or adverse action. "Forcing individuals to choose between their faith and their livelihood imposes an obvious and substantial burden on religion . . . vaccine mandates . . . presents a crisis of conscience for many people of faith. It forces them to choose between the two most profound obligations they will ever assume—holding true to their religious commitments and feeding and housing their children. To many, this is the most horrifying of Hobson's choices." *Sambrano v. United Airlines, Inc.*, 19 F.4th 839, 841 (5th Cir. 2021).

48. Defendant sabotaged the interactive process and evaded any sort of bilateral cooperation.

49. Defendant failed to offer any accommodation process.

50. Defendant has no "satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962).

51. The position Plaintiff interviewed for was fully remote.

52. Plaintiff attempted to engage in an interactive process with Defendant in order to explore these options. She was denied any sort of bilateral compromise.

## COUNT I
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*.
## RELIGIOUS DISCRIMINATION— FAILURE AND REFUSAL TO HIRE ON BEHALF OF PLAINTIFF

53. Plaintiff restates the foregoing paragraph as set forth fully herein.

54. Title VII prohibits an employer from discriminating against an employee "because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).

55. Title VII's definition of "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

56. Plaintiff can establish *prima facie* cases of discrimination by showing (1) they hold sincere religious beliefs that conflict with an employment requirement; (2) they informed their employer of same; and (3) they were disciplined for failing

to comply with the employment requirement. *Yeager v. FirstEnergy Generation Corp*, 777 F.3d 362, 363 (6th Cir. 2015).

57. Plaintiff holds a sincere religious belief that precludes her from taking the COVID-19 vaccine.

58. Plaintiff informed Defendant of the same.

59. Defendant refused to hire Plaintiff based on the need for religious accommodation.

60. Defendant evaded any sort of "bilateral cooperation," *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986).

61. Defendant could have offered Plaintiff multiple reasonable accommodations without undue hardship.

62. Defendant never explained why it could not accommodate Plaintiff.

63. Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of Defendant's failure to hire her.

64. Defendant's actions were intentional and/or reckless.

**COUNT II**
**VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*.**
**RELIGIOUS DISCRIMINATION–RETALIATION**
**<u>ON BEHALF OF PLAINTIFF</u>**

65. Plaintiff restates the foregoing paragraph as set forth fully herein.

66. It is unlawful for an employer to retaliate against employees who request accommodation for a religious practice.

67. Plaintiff engaged in protected activity when she requested a religious accommodation to Defendant's vaccine mandate.

68. Defendant retaliated against Plaintiff by failing to hire her.

69. Plaintiff has been denied employment and placed in financial distress and has suffered a loss of earnings and benefits, a loss of health insurance coverage, and a loss of and impairment of earning capacity and ability to work because of the retaliatory conduct, and she will so suffer in the future.

70. Defendant's actions were intentional and/or reckless.

## COUNT III
## Violation of the ELCRA, MCL 37.2101, *et seq*.
## Religious Discrimination – Failure and Refusal to Hire

71. Plaintiff restates the foregoing paragraphs as set forth fully herein.

72. Pursuant to ELCRA, MCL 37.2202(1) it is unlawful for an employer to: "(a) <u>Fail or refuse to hire or recruit</u>, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion[.]; or (b) Limit, segregate, or classify an employee or applicant for employment in a way that deprives or tends to deprive the employee or applicant of an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of religion[.]"

73. Defendant's mandatory vaccination policy evades any sort of bilateral cooperation or interactive process.

74. Simply by failing to engage with Plaintiff as to the possible reasonable accommodations, Defendant has violated the law.

75. Defendant responded almost immediately by not hiring Plaintiff.

76. Defendant failed to hire Plaintiff due to her sincerely held religious beliefs.

77. Plaintiff's religious beliefs and protected activity were the causes of Defendant's retaliation and adverse employment action.

78. This violation has harmed and continues to harm Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief:

a. Declare that Defendant has violated ELCRA by failing to engage in the interactive process in response to requests for accommodation to its COVID-19 vaccine mandate.

b. Declare that Defendant has violated ELCRA by discriminating against Plaintiff by failing to provide reasonable accommodations to its COVID-19 vaccine mandate.

  c. Award Plaintiff damages, pre-judgment and post-judgment interest, punitive damages, and compensatory damages.

  d. Award Plaintiff reasonable attorneys' fees and costs.

  e. Grant any other relief that the Court deems just, proper, and equitable.

        Respectfully submitted,

        HURWITZ LAW PLLC

        /s/ *Noah S. Hurwitz*
        Noah Hurwitz (P74063)
        Attorneys for Plaintiff
        340 Beakes St., Suite 125
        Ann Arbor, MI 48104
        (844) 487-9489
        *noah@hurwitzlaw.com*

Dated: December 16, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLENA BINROTH,

       Plaintiff,                                                    Case No.

v.

                                                                  Hon.

THE RESOURCE GROUP,

       Defendant.

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Marlena Binroth, by and through her attorneys, Hurwitz Law PLLC, hereby demands a trial by jury in the above-captioned matter for all issues triable.

                                                                        Respectfully Submitted,
                                                                        HURWITZ LAW PLLC

                                                                        */s/ Noah S. Hurwitz*
                                                                        Noah S. Hurwitz (P74063)
                                                                        *Attorney for Plaintiff*

Dated: December16, 2022